UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

YORK RISK SERVICES GROUP, INC.          CIVIL ACTION NO. 6:16-CV-00063

VERSUS                                  JUDGE DOHERTY

PREFERRED REPORTS, LLC,                 MAGISTRATE JUDGE HANNA
BART STURGIS, BRANDON
LACAZE, SCOTT KNIGHT, COLBY
BREAUX, AND LINDA HEBERT

## REPORT  AND  RECOMMENDATION

Currently pending is the defendants' motion to dismiss the plaintiff's complaint. (Rec. Doc. 10).  The motion was referred to the undersigned Magistrate Judge for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  The motion is opposed, and oral argument was heard on May 24, 2016.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be denied.

## Background

The complaint alleges that the plaintiff, York Risk Services Group, Inc., is "a premier provider of specialized claims and risk management solutions."  It also alleges that York developed software, information systems and processes, survey

templates, forms, contractor lists, client-specific documents and information collectively referred to as its "Trade Secrets."  Defendants Bart Sturgis, Brandon Lacaze, Russell Knight (erroneously referred to in the complaint as Scott Knight), Coby Breaux (erroneously referred to in the complaint as Colby Breaux), and Linda Hebert all formerly worked for York.  Now, they all work for defendant Preferred Reports, LLC.  The plaintiff claims that Sturgis formed Preferred to compete with York, that he misappropriated York's Trade Secrets, contacted York's clients, and used York's Trade Secrets against York.  The complaint alleges that the other defendants obtained York's Trade Secrets and took those with them to Preferred.

The plaintiff asserted claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, and the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, as well as state-law breach of fiduciary duty and breach of contract claims.

An almost identical lawsuit was filed in the 15th Judicial District Court, Lafayette Parish, Louisiana, approximately seven months before this federal-court lawsuit was filed.  In the state-court action, the plaintiff in the federal-court lawsuit and York Risk Control Services, LLC filed suit against the same six defendants asserting the same claims except that the CFAA claim and the breach of contract

claim were omitted.  The defendants now seek to have the federal-court suit dismissed or stayed pursuant to the *Colorado River* abstention doctrine.

## Analysis

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them.[1]  Accordingly, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."[2]  In "extraordinary and narrow" circumstances,[3] however, a district court may abstain from exercising its jurisdiction but "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[4]

A federal court, in its discretion, may abstain or stay exercise of its jurisdiction, in the interest of wise judicial administration, when parallel proceedings are pending

---

[1]      *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. App'x. 9, 11 (5th Cir. 2007), *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000); *Colorado River Conservation Dist. v. United States*, 424 U.S. at 800, 817 (1976).

[2]      *Colorado River v. United States*, 424 U.S. at 817, quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910).  See, also, *Transocean Offshore v. Catrette*, 239 Fed. App'x. at 11.

[3]      *Superior Diving Co. Inc. v. Cortigene*, 372 Fed. App'x 496, 498 (5th Cir. 2010) (quoting *Allegheny Cty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959)); *Black Sea v. United Heritage*, 204 F.3d at 650; *Colorado River v. United States*, 424 U.S. at 813.

[4]      *Colorado River v. United States*, 424 U.S. at 813.

in different forums.  This concept rests on the ideas of federalism, comity, and conservation of judicial resources.[5]

As a threshold matter, a stay of federal proceedings under *Colorado River* may be considered when related federal and state cases are parallel, which generally means that the actions involve the same parties and same issues.[6]  Once it is determined that the state and federal cases are parallel, the Court must determine if exceptional circumstances[7] warrant abstention by applying six relevant factors:  (1) assumption by either court of jurisdiction over a *res*, (2) the relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[8]  No one factor is necessarily

---

[5]        *Black Sea v. United Heritage*, 204 F.3d at 650; *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1189 (5th Cir. 1988).

[6]        *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014); *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

[7]        *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 851 (5th Cir. 2009); *Kelly Investment, Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002).

[8]        See, e.g., *Transocean Offshore v. Catrette*, 239 Fed. App'x at 12; *Black Sea v. United Heritage*, 204 F.3d at 650; *Stewart v. Western Heritage*, 438 F.3d at 491.

determinative,[9] and the factors should not be applied mechanically; instead, they should be carefully balanced on a case-by-case basis, with the balance heavily weighted in favor of the exercise of jurisdiction by the federal court.[10]

The general rule is that lawsuits are parallel when they involve the same parties and the same issues.[11]  But the Fifth Circuit has not always insisted on a precise identity of parties, stating that "there need not be applied in every instance a mincing insistence on precise identities."[12]  Thus, suits may be found to be parallel "while not absolutely symmetrical" but consisting of "substantially the same parties litigating substantially the same issues."[13]  This Court finds that the two lawsuits are sufficiently similar to be deemed parallel.  Therefore, it is necessary to analyze the six relevant factors.

---

[9]     *Nationstar Mortgage v. Knox*, 351 Fed. App'x at 851, citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983).

[10]     *Transocean Offshore v. Catrette*, 239 Fed. App'x at 12; *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006); *Black Sea v. United Heritage*, 204 F.3d at 650; *Moses H. Cone v. Mercury*, 460 U.S. at 16.

[11]     *African Methodist Episcopal Church v. Lucien*, 756 F.3d at 797; *Stewart v. Western Heritage*, 438 F.3d at 491.

[12]     *RepublicBank Dallas v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

[13]     *Kenner Acquisitions, L.L.C. v. BellSouth Telecommunications, Inc.*, No. 06–3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007), citing *Caminiti & Iatarola, Ltd. v. Behnke Warehousing*, 962 F.2d 698, 700-701 (7th Cir. 1992).

The first factor that must be considered is the assumption by either court of jurisdiction over a *res*.  The defendants argue that York's Trade Secrets are a *res* and the state court has assumed jurisdiction over them.  The term "*res*" is defined as an "object, interest, or status, as opposed to a person."[14]  Therefore, it is conceivable that York's Trade Secrets might constitute a *res*.  But the ownership of York's Trade Secrets is not before either court in either lawsuit.  In the federal-court suit, although the plaintiff is seeking a preliminary and permanent injunction restraining the defendants' further use of the Trade Secrets, the plaintiff is also seeking damages – not the return of its property or a declaration that it owns the Trade Secrets.  Further, there is no evidence that either court has taken control over the Trade Secrets.  In contrast, a court has been found to have taken control over a *res* when funds were deposited into the registry of the court[15] and when a plaintiff sought a declaration that it was the owner of certain immovable property despite a competing claim by another.[16]  Accordingly, this Court finds that neither court involved in this dispute has

---

[14]      Black's Law Dictionary, Ninth Edition at 1420.

[15]      See, e.g., *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 463 (5th Cir. 2012); *Gilchrist Const. Co. LLC v. Davis*, No. 1:09-CV-01420, 2010 WL 3456977, at *8 (W.D. La. Aug. 27, 2010).

[16]      See, e.g., *Key v. Wise*, 629 F.2d 1049, 1059–60 (5th Cir. 1980) (state court assumed jurisdiction over a res when the plaintiff sought a declaration that it was the owner of immovable property to the exclusion of defendant's title claim); *Turner v. Pavlicek*, No. H-10-00749, 2011 WL 4458757, at *6 (S.D. Tex. Sept. 22, 2011) ("The state-court action appears to be solely about determining who owns the disputed property.  This factor favors abstention.").

assumed control over a *res*.  In such a situation, when a court has not taken control over a *res,* the first factor weighs against abstention.[17]

The second factor is the relative inconvenience of the forums.  When courts are in the same geographic location[18] or in approximately the same location within the state,[19] the inconvenience factor weighs against abstention.  Here, both suits are pending in Lafayette.  Therefore, this factor weighs against abstention.

The third factor is the avoidance of piecemeal litigation.  The pendency of an action in state court does not bar a federal court from considering the same matter,[20] and avoiding duplicative litigation is not the goal of the *Colorado River* abstention doctrine.[21]

> Duplicative litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction.  The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property.

---

[17]     *Murphy v. Uncle Ben's, Inc*., 168 F.3d 734, 738 (5th Cir. 1999); *Evanston Ins. Co. v. Jimco, Inc*, 844 F.2d at 1191.

[18]     *Stewart v. Western Heritage*, 438 F.3d at 492.

[19]     *Black Sea v. United Heritage*, 204 F.3d at 650.

[20]     *Bank One, N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002).

[21]     *Black Sea v. United Heritage*, 204 F.3d at 650, citing *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1192.

> When... no court has assumed jurisdiction over a disputed res, there is no such danger.[22]

Therefore, when as in this case, jurisdiction has not been assumed over a *res*, this factor weighs against abstention.

The fourth factor is the order in which jurisdiction was obtained by the concurrent forums.  In evaluating this factor, the focus must be placed not on which suit was filed first but on how much progress has been made in each of the two lawsuits.[23]  In this case, the state-court case was filed first, and it is farther along than the federal-court case is, but not by much.   The evidence indicates that some discovery has been had in the state-court action, the state-court judge has held a few hearings, and he has issued a few rulings, but there is no evidence that any substantive ruling has been issued in the state-court proceeding.  The Fifth Circuit has "suggested that this factor only favors abstention when the federal case has not proceeded past the filing of the complaint."[24]   That is the current posture of this

---

[22]   *Black Sea v. United Heritage*, 204 F.3d at 650-51 [emphasis in original].  See, also, *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1192.

[23]   *Stewart v. Western Heritage*, 438 F.3d at 492; *Murphy v. Uncle Ben's*, 168 F.3d at 738.

[24]   *Stewart v. Western Heritage*, 438 F.3d at 493; *Murphy v. Uncle Ben's*, 168 F.3d at 738.

lawsuit since no answer has been filed and no scheduling order has been issued. Therefore, this factor favors abstention.

The fifth factor requires an evaluation of the extent to which federal law provides the rules of decision on the merits. In this case, the federal-court lawsuit includes a federal-law claim that was not asserted in the state-court action. The defendants argue that the state-court petition could be amended, and an identical claim could be resolved in the state court. Although that is correct, "the presence of federal-law issues must always be a major consideration weighing against surrender."[25]  More important, when both federal and state rules of decision are involved, as in this case, this factor weighs against abstention.[26]

The final factor is the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. The defendants argue that this factor weighs in favor of abstention. The Fifth Circuit has held, however, that this factor cannot weigh in favor of abstention; to the contrary, it can only be neutral or weigh against abstention.[27]  Neither the plaintiffs nor the defendants argue that the state court cannot adequately adjudicate the case. Furthermore, "[a] party who could find

---

[25]     *Moses H. Cone v. Mercury*, 460 U.S. at 26.

[26]     *Murphy v. Uncle Ben's, Inc.*, 168 F.3d at 739.

[27]     *Black Sea v. United Heritage*, 204 F.3d at 651; *Stewart v. Western Heritage*, 438 F.3d at 493; *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1193.

adequate protection in state court is not thereby deprived of its right to the federal forum, and may still pursue the action there since there is no ban on parallel proceedings."[28]  The sixth factor does not weigh in favor of abstention.

Thus, only one of the six *Colorado River* factors might arguably weigh in favor of abstention.  But this does not end the inquiry.  "[T]his court is not to merely mechanically weigh the listed factors but must balance them in an effort to comply with the higher courts' admonitions not to shirk jurisdiction over cases properly before it."[29]  After carefully analyzing and balancing the relevant factors, the inevitable conclusion is that the defendants have not demonstrated that any exceptional circumstances exist that would warrant this court's declining to exercise jurisdiction over this case.  In reaching this conclusion, this Court finds it particularly compelling that the federal-court complaint added a claim based on a federal statute that was not asserted in the state-court suit.

Finally, the defendants argue that the plaintiff, by filing this second lawsuit, is forum shopping.  But forum shopping generally is not a sufficient basis to apply *Colorado River* abstention.

---

[28]  *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1193.

[29]  *Channel Control Merchants, LLC v. Davis*, No. 2:11cv21KS-MTP, 2011 WL 1356937, *8 (S.D. Miss. Apr. 11, 2011).  See, also, *Moses H. Cone v. Mercury*, 460 U.S. at 16.

Although defendant argues that this Court should not permit plaintiff's "flagrant" attempt at forum shopping, courts have not applied the *Colorado River* abstention doctrine based on forum shopping alone. See 17A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4247 (3d ed. 2013) ("There is no doctrine of abstention or deference that authorizes a federal court to decline to exercise jurisdiction on the ground of forum shopping alone."). To the extent such considerations are relevant, they do not demonstrate that exceptional circumstances justify abstention in this case.[30]

Therefore, even if this Court was to find that forum shopping motivated the plaintiff to file this second lawsuit in a different court, a topic that this Court declines to address, such conduct is generally not regarded as creating the type of exceptional circumstances that is required for declining jurisdiction under the *Colorado River* abstention doctrine.

Accordingly, a careful balancing of the relevant factors leads this Court to conclude that neither dismissing nor staying the pending federal-court lawsuit is warranted by the *Colorado River* abstention doctrine in light of the argument presented by the parties in this case.

The defendants alternatively argue that, even if this Court were to decline the invitation to abstain, it should stay this matter pending resolution of the parallel state-

---

[30]     *Weems v. New Orleans Pub. Belt R.R. Comm'n*, No. 13-591, 2013 WL 3833057, at *2 (E.D. La. July 23, 2013). See, also, *Welding Techs. v. James Mach. Works, LLC*, No. 3:12-CV-336, 2013 WL 1123852, at *5 n. 2 (S.D. Tex. Mar. 18, 2013)

court action.  There are some situations in which it would be both practical and logical for a court to do so.  For example, if this court was called upon to decide an insurance coverage issue concerning a matter being litigated in state court, the best course of action might be for this court to stay the federal-court action until after the state-court action had been decided.  In this case, however, the resolution of the state-court action would neither narrow the issues to be decided by this court nor provide a basis for this court's decision on the issues before it.  As stated above, the defendants have not demonstrated a valid basis for this Court to either stay this suit or decline to exercise jurisdiction over it.

## Conclusion

This Court finds that the state-court action and the federal-court action are parallel but the factors relevant to *Colorado River* abstention weigh in favor of this federal court maintaining its jurisdiction and declining to abstain from hearing this lawsuit.  Accordingly, this Court recommends that the defendants' motion (Rec. Doc. 10) be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on May 24, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE