UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| YORK RISK SERVICES GROUP, INC. | CIVIL ACTION NO. 6:16-CV-00063 |
| VERSUS | JUDGE DOHERTY |
| PREFERRED REPORTS, LLC, BART STURGIS, BRANDON LACAZE, SCOTT KNIGHT, COLBY BREAUX, AND LINDA HEBERT | MAGISTRATE JUDGE HANNA |

## REPORT  AND  RECOMMENDATION

Currently pending before the court is defendant Julia Bonaventure's motion to dismiss the plaintiff's claims against her pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  (Rec. Doc. 54).  The motion is opposed.  (Rec. Doc. 58).  The motion was referred to the undersigned Magistrate Judge for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  (Rec. Doc. 56). Oral argument is currently scheduled for November 22, 2016.  (Rec. Doc. 57). Considering the evidence, the law, and the arguments presented, and for the following reasons, it is recommended that the motion be denied, the plaintiff be given an opportunity to amend its complaint, and Ms. Bonaventure be permitted to reurge her motion, if appropriate, after the complaint has been amended.

## BACKGROUND

The plaintiff's amended complain restated all of the allegations against the original defendants, added a federal-law claim, and added Julia Bonaventure as a defendant in the lawsuit.  The amended complaint alleges that the plaintiff, York Risk Services Group, Inc., is "a premier provider of specialized claims and risk management solutions."  It also alleges that York developed software, information systems and processes, survey templates, forms, contractor lists, client-specific documents and information collectively referred to as its "Trade Secrets."  The complaint alleges that defendants Bart Sturgis, Brandon Lacaze, Russell Knight (erroneously referred to in the complaint as Scott Knight), Coby Breaux (erroneously referred to in the complaint as Colby Breaux), Linda Hebert, and Julia Bonaventure all formerly worked for York.  It further alleges that all of the defendants – except for Ms. Bonaventure – now work for defendant Preferred Reports, LLC.  The amended complaint claims that Mr. Sturgis formed Preferred to compete with York, that Mr. Sturgis and Preferred misappropriated York's Trade Secrets, contacted York's clients, and used York's Trade Secrets against York.  The amended complaint alleges that the defendants other than Ms. Bonaventure obtained York's Trade Secrets from York's computers and took those with them to Preferred.  The amended complaint further

alleges that, while she was working for York as a recruiter, Ms. Bonaventure recruited for Preferred's benefit.

The plaintiff asserted claims under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(1), the Computer Fraud and Abuse Act ("CAFA"), 18 U.S.C. § 1030(g), the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, and the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, as well as state-law breach of fiduciary duty and breach of contract claims.  But not all of the claims are alleged as to all of the defendants.  The only claims alleged against Ms. Bonaventure are a CAFA claim, a breach of fiduciary duty claim, and an unfair trade practices claim.

Ms. Bonaventure now contends that the plaintiff has not stated a plausible claim against her, while the plaintiff contends that sufficient factual detail was alleged to support its claim or, alternatively, that it should be afforded an opportunity to amend its complaint.

## LAW AND ANALYSIS

### A.  THE APPLICABLE STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face.[1]  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2]  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[3]  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party."[4]  "This standard simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[5]

---

[1]      *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2]      *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3]      *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 545.

[4]      *In re Southern Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008).

[5]      *In re Southern Scrap Material Co., LLC*, 541 F.3d at 587 (internal quotation omitted).

## B.   THE ALLEGATIONS AGAINST MS. BONAVENTURE

The only factual allegations set forth in the amended complaint with regard to Ms. Bonaventure are that she was employed by York as a recruiter, and that while employed by York she recruited for Preferred's benefit.  It is unclear what the word "recruiter" means in this context, what Ms. Bonaventure's job required her to recruit (i.e, new employees, new customers, new advertisers), or how she could have recruited for Preferred while working for York.  It is not alleged that she used York's computers in her recruiting activities, it is not alleged that she removed any information from York's computers, it is not alleged that she now works for Preferred or was ever employed by Preferred.  In sum, there is a paucity of factual detail underlying the plaintiff's claims against Ms. Bonaventure.

## C.   THE PLAINTIFF ARGUED FOR LEAVE TO AMEND ITS COMPLAINT

"A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[6]  "Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[7]  York argued in opposition to Ms. Bonaventure's motion to dismiss that it should be

---

[6]      *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997), quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[7]      *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

afforded an opportunity to amend its complaint to correct any pleading deficiencies. (Rec. Doc. 58 at 6). Although the plaintiff in this case has already amended its complaint once, the plaintiff has not previously faced a challenge with regard to the sufficiency of the factual allegations set forth in either the original complaint or the amended complaint. Therefore, this Court finds that it would be inequitable to dismiss the complaint – or the claims against Ms. Bonaventure, which were first asserted in the amended complaint – without allowing the plaintiff an opportunity to remedy the sparseness of the factual allegations.

Accordingly,

IT IS RECOMMENDED that the pending motion to dismiss (Rec. Doc. 54) be DENIED.

IT IS FURTHER RECOMMENDED that the plaintiff be ordered to file, not later than December 1, 2016, a second amended complaint setting forth in greater detail the factual allegations underlying its claims against Ms. Bonaventure.

IT IS FURTHER RECOMMENDED that Ms. Bonaventure be permitted to file a Rule 12(b)(6) motion to dismiss the second amended complaint, if appropriate, following review of that complaint.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

-6-

report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on October 11, 2016.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE