# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| YORK RISK SERVICES GROUP, | CIVIL ACTION NO. 6:16-cv-00063 |
| VERSUS | JUDGE DOHERTY |
| PREFERRED REPORTS, LLC., ET AL. | MAGISTRATE JUDGE HANNA |

## ORDER

Currently pending before the court is the plaintiff's motion for discovery sanctions. (Rec. Doc. 92). In the motion, the plaintiff seeks sanctions for the defendants' alleged failure to timely and properly respond to the plaintiff's written discovery requests. The factual background for this motion was exhaustively recited in the brief supporting the plaintiff's motion and in the defendants' responsive briefing. Therefore, it will not be repeated here. Similarly, the law pertaining to discovery disputes such as that presented in the plaintiff's motion was set forth in the parties' briefing, and will not be repeated here. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED, and the following orders are issued.

It is undisputed that the defendants did not respond in a timely fashion to the plaintiff's discovery requests. The reasons for the delay in responding were fully explicated in the defendants' briefing, and this Court is confident, based on the

representations of the defendants' counsel, that any and all orders of the court issued on or after this date will be complied with in a timely fashion. This Court finds that the defendants' one-day delay in complying with this Court's order of June 12, 2017 (Rec. Doc. 79), which required the outstanding discovery to be answered not later than June 19, 2017, was excusable under the circumstances explained in the defendants' briefing. Furthermore, this Court finds that the plaintiff was not prejudiced by the delay as this lawsuit remains in a very early stage of discovery. However, any future failure to comply with an order of this Court and any further delay in moving the case forward – by any party – will not be viewed favorably by this Court.

This Court finds that the defendants did not waive their objections to the plaintiff's discovery. On June 12, 2017, this Court issued an order permitting the defendants to respond to the plaintiff's discovery not later than June 19, 2017. (Rec. Doc. 79). Permission to respond to discovery implicitly includes the right to assert any objections to discovery requests that are allowed by the Federal Rules of Civil Procedure. Having found that the delay in responding to the discovery was excusable, this Court also finds that no objections were waived.

The plaintiff contends that the defendants did not fully respond to the discovery requests, but the defendants contend that they have fully and completely responded.

More particularly, the defendants contend that they have no documents responsive to the plaintiff's requests for production. It is significant that the plaintiff did not identify any particular discovery requests to which the defendants failed to respond completely and in good faith. The plaintiff complains that the defendants have not produced responsive documents, but the defendants stated that they have none. They cannot produce what they do not have. The discovery responses were signed by counsel for the defendants. Accordingly, this Court finds that the attorney's signature on the discovery responses is a certificate complying with Fed. R. Civ. P. 26(g)(1) and averring that the discovery responses were "complete and correct as of the time. . . made." (Fed. R. Civ. P. 26(g)(1)(A)). Out of an abundance of caution, however, this Court will require the defendants' counsel to have the discovery responses verified by their clients. The defendants are also reminded of their ongoing obligation to supplement their discovery responses as necessary or appropriate.

Counsel are admonished that this Court expects professional conduct from all counsel at all times, whether during interactions solely among themselves or with this Court.

Accordingly,

IT IS ORDERED that the plaintiff's motion for discovery sanctions (Rec. Doc. 92) is DENIED.

IT IS FURTHER ORDERED that the defendants shall, not later than September 15, 2017, provide the plaintiffs with copies of their discovery responses containing another original signature of attorney George D. Fagan and verifications signed by each of the defendants.

Signed at Lafayette, Louisiana, this 25th day of August 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE